IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BUTLER, # M-03292,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 14-cv-537-JPG |
| | ) |
| **BRAD BRAMMLET,** | ) |
| | ) |
|         **Defendant.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter is before the Court for case management. On May 9, 2014, following the Memorandum and Order entered in *Butler v. Harrington, et al.*, Case No. 13-cv-1270-JPG (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was given the opportunity to voluntarily withdraw the instant claim for access to the courts (designated as Count 3 in the original case) if he did not wish to incur the additional filing fee. On May 12, 2014, Plaintiff responded to confirm that he wants to proceed with this claim (Doc. 5). He has been granted leave to proceed *in forma pauperis*. Accordingly, service shall be ordered on Defendant Bramlett, and the matter shall be referred to a United States Magistrate Judge for further consideration.

      **IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **BRAMMLET** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to the United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

*s/J. Phil Gilbert*
United States District Judge