IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK BUTLER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00537-JPG-PMF |
| ) | |
| BRADD BRAMMLET, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

This matter comes before the Court on the Plaintiff Kendrick Butler's Motion (Doc. 39) to Object to Court Ruling (Doc. 38) for Motion to Adduce List of Witnesses, et al., which the Court has construed as an Objection of Magistrate Judge's Decision under Federal Rule of Civil Procedure 72 and Local Rule 73.1(a).

The Plaintiff filed a Motion to Supplement (Doc. 34) and a Motion to Adduce List of Witnesses (Doc. 37) which were denied by Magistrate Judge Philip M. Frazier (Doc. 38). In his Motion to Object, Plaintiff states that he is denied resources, lacks a law degree, and that the Court, ". . . seems to never at all consider these facts before making a ruling." Plaintiff's Motion to Object further states that, ". . . his list of witnesses be recognized as part of the Discovery Phase."

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge Frazier's order clearly states that the Plaintiff's list of witnesses should not be filed with the Court at this time and then provides further guidance on when such a list would be appropriate to submit to the Court. However, instead of heeding the Magistrate Judge's advice, Plaintiff filed an Objection to ruling and states that the Court is, ". . .not acting impartial which giving their decisions."

Courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

In this matter, the Magistrate Judge has provided additional guidance in his orders that would likely not be given if the plaintiff was represented by counsel. Plaintiff's Motion does not state why his list of witnesses should be admitted at this stage in the litigation or why it could not be attached to a summary judgment motion or response. Although Plaintiff states that he has no resources and is delayed by the institutional mail system, Plaintiff was able to file his objection within three (3) days of the order and previously submitted objections within a week of an order and had the writing materials in which to draft the objections.

The Court has reviewed the Magistrate's Order (Doc. 38) and finds that it is not clearly erroneous or contrary to law. Accordingly, Plaintiff Kendrick Butler's Motion (Doc. 39) to Object to Court Ruling is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  7/29/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**