IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BUTLER, M03292,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  **3:14-cv-00537-JPG-PMF** |
| | ) |
| **BRAD BRAMLET,** | ) |
| | ) |
| **Defendant.** | ) |

<u>REPORT AND RECOMMENDATIONS</u>

**FRAZIER, Magistrate Judge:**

This is a prisoner civil rights lawsuit. Plaintiff Kendrick Butler is an inmate with the Illinois Department of Corrections ("IDOC") and defendant Brad Bramlet is an IDOC employee. Butler asserts that Bramlet, a law library clerk at Menard Correctional Center ("Menard"), interfered with his access to the law library and legal materials; thereby negatively affecting his ongoing criminal and civil litigation. Butler initiated this action on December 10, 2013 when he filed his complaint in the case *Butler v. Harrington et al.*, Case No. 13-cv-1270-SMY-PMF. *Butler v. Harrington* primarily concerns excessive force and medical care claims, and so the unrelated claim against Bramlet was severed to create the instant case. Both parties in this action have now filed motions for summary judgment. Upon review of these motions, it is RECOMMENDED that the plaintiff's motion (Doc. 49) be DENIED and the defendant's motion (Doc. 46) be GRANTED.

I.   BACKGROUND

In 2009 a Cook County jury convicted Butler of first degree murder in connection with a May 2006 shooting that took place in Chicago. *People v. Butler*, 2013 IL App (1st) 120923, 994 N.E.2d 89, 91. Butler is now serving an 80 year sentence with the IDOC. *Id.* After the shooting

1

(but before he was charged and arrested), Butler apparently fled to Iowa and became involved in a counterfeit check cashing scheme. Butler was later charged on the counterfeit check scheme and convicted in the U.S. District Court for the Northern District of Iowa. He was sentenced to 65 months in the Federal Bureau of Prisons, 5 years of supervised release, and ordered that he pay $12,982.00 in restitution. *USA v. Sanders, et al.*, Case No. 1:08-cr-00072-MWB-4.

Except for travel on various court writs (including his trial for the Iowa federal case), Butler was housed at Menard from 2009 until November 29, 2013. (Doc.47-1, p. 17).[1] During this period at Menard, Butler asserts that defendant Brad Bramlet obstructed his ability to litigate in state and federal court. Defendant Brad Bramlet worked at the facility's law library. Plaintiff states in his complaint that:

> The plaintiff on several occasions spoken with Law Library Law Clerk Bradd Brammlet [sic] and his assistant and informed them of his criminal federal case which was on appeal for resentence (U.S. Government v. Kendrick Butler) and that there was no longer a lawyer representing his appeal. The plaintiff has now passed his 60 days and 6 months late notice of appeal filing, where he wanted to challenge the perjury and restitutions to declare he's indigent so restitutions can be stopped and do to the law clerks, all access to the Courts has been lost and deadlines has been surpassed [sic]. (Memo: Case 08-0072-4-MWB (N.D. Iowa). This is from the date of 3/16/12 and prior.

(Doc. 17, p. 9). In his complaint, Butler only mentions one case (the Iowa federal criminal case) that Bramlet obstructed. However at his deposition, Butler states that Bramlet's actions interfered with three cases; the Iowa federal criminal case, his Illinois murder case and a civil rights lawsuit currently pending in the Southern District of Illinois, *Butler v. Harrington*, et al., 3:13-cv-01270-

---

[1] After Menard, Butler was transferred to Pontiac Correctional Center.

SMY-PMF. As previously mentioned, *Butler v. Harrington* is the lawsuit that the instant case was severed from.

Butler first asserts that Bramlet interfered with his ability to challenge his Iowa federal criminal conviction in *USA v. Sanders et al,* Case No.1:08-cr-00072-MWB-4. On May 6, 2009 Butler was charged with multiple counts of "financial institution fraud" in the U.S. District Court for the Northern District of Iowa. *Id*. at Doc. 22. According to the superseding indictment, Butler and three codefendants created fraudulent payroll checks, which they then cashed at local banks and credit unions. *Id*. at Doc. 22. A jury ultimately found Butler guilty on six counts and the District Court sentenced him to 80 months imprisonment, to be served consecutive to his state court conviction. Butler was also ordered to pay a $600.00 special assessment and $12,982.00 in restitution. *Id.* at Doc. 286. Butler appealed and challenged his sentencing calculation (but he did not appeal his conviction). The Eighth Circuit reversed, holding that the District Court applied a sentence enhancement that was inapplicable under the circumstances. See *United States v. Butler*, 646 F.3d 1038, 1040 (8th Cir. 2011). On remand, the District Court amended Butler's sentence to 65 months imprisonment. However, the monetary penalties remained the same. *USA v. Sanders et al*, Case No.1:08-cr-00072-MWB-4, Amended Judgment at Doc. 375.

Butler stated at his deposition that his attorney withdrew after District Court entered the amended judgment. (Doc. 47-1, p. 24). However Butler wanted to file another appeal to pursue an ineffective assistance of counsel claim regarding his trial counsel. Butler also wanted to have the restitution order modified or stayed. *Id.* at p. 26. Butler asserts that he never had a chance file the second appeal because Bramlet did not allow him enough time in the law library, and Bramlet provided him with inadequate legal assistance. *Id* at 42-43.

Butler also argues that Bramlet interfered with his ability to litigate his state court murder conviction. The procedural history of the plaintiff's state court criminal case is lengthy, so it will only be briefly discussed here. In January 2009 Butler was convicted by a Cook County Jury of the May 3, 2006 murder of Gregory Dugar. Butler appealed and the conviction was affirmed, however the matter was remanded for resentencing because some of the sentencing language was ambiguous. See *People v. Butler*, Case No. 1-09-0893, 2011 WL 9686282, at *15 (Ill. App. Ct. June 30, 2011, unpublished opinion). On remand the Circuit Court of Cook County sentenced Butler to 80 years in prison. Butler again appealed, arguing that the sentence was improper. The appellate court disagreed, and on June 28, 2013 it issued an opinion affirming the sentencing calculation of the trial court. See *People v. Butler*, 2013 IL App (1st) 120923, ¶ 43, 994 N.E.2d 89, 101. Butler also filed a post-conviction petition in the Cook County Circuit Court on February 20, 2013. The court summarily dismissed the petition, and on May 11, 2015 this decision was affirmed on appeal. See *People v. Butler*, 2015 IL App (1st) 131754-U, 2015 WL 2191172. Butler now asserts that if he would have been provided with additional time and assistance in the law library, he could have attached affidavits from alibi witnesses and succeeded on his post-conviction petition.

Additionally, Butler asserts Bramlet hindered a third matter; the civil case; *Butler v. Harrington, et al.* 3:13-cv-01270-SMY-PMF. This is the lawsuit that the instant case was severed from. Butler initiated *Butler v. Harrington* on December 10, 2013 when he filed his complaint. *Id.* at Doc. 1. Butler then filed a first (*id.* at Doc. 8) and second (*id.* at Doc. 17) amended complaint. Judge Gilbert screened the second amended complaint pursuant to 28 U.S.C. § 1915A and held that Butler stated various colorable claims against various defendants, including excessive force, denial of access to the courts, deliberate indifference to serious

4

medical needs, First Amendment retaliation, denial of hygiene supplies and failure to protect. *Id.* at Doc. 24.

The only claim in that lawsuit relevant to the instant case is an excessive force claim against Bryan Carter. All of the other defendants in that case appear to be IDOC employees but Carter was an officer at the Marion County Jail. Butler states that Carter assaulted him sometime in December 2010 or January 2011 while he was in the Marion County Jail on a court writ. *Id.* at Doc. 24. Butler first mentions Carter in his first amended complaint filed on January 15, 2014. *Id.* at Doc. 8. The first amended complaint was later stricken by the Court, but Butler was allowed to proceed on his second amended complaint (which again includes the claim against Carter), filed on March 20, 2014. *Id.* at Doc. 17.

Carter later filed a motion to dismiss (Doc. 65), arguing that the claim against him was time barred. Illinois constitutional tort claims filed pursuant to § 1983 are subject to a 2 year statute of limitations. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). The excessive force incident was alleged to have occurred in December 2010 or January 2011, but Butler's claim against Carter was filed on March 20, 2014 – over three years after the incident occurred. Because the claim was filed over a year late, Judge Yandle granted Carter's motion to dismiss. (Doc. 106). Butler now asserts the claim was dismissed because Bramlet provided him with inadequate time in the law library and insufficient legal research resources. (Plaintiff's deposition, Doc. 47-1, p. 72).

Butler was transferred out of Menard and into Pontiac Correctional Center on November 29, 2013. (Doc. 47-1, p. 17). He then filed *Butler v. Harrington, et al.* on December 10, 2013. The instant case was severed from *Butler v. Harrington, et al.* on May 9, 2014. (Doc. 1). Both parties now move for summary judgment.

## II. ANALYSIS

The procedures governing motions for summary judgment are set forth in Rule 56 of the Federal Rules of Civil Procedure. The rule states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When presented with a motion for summary judgment the Court must view the facts in a light most favorable to the nonmoving party and all reasonable inferences are to be drawn in their favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). The Seventh Circuit has described the summary judgment phase of litigation as "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir.1999)).

Plaintiff Kendrick Butler asserts that defendant Brad Bramlet obstructed his access to state and federal court. The Supreme Court held in *Bounds v. Smith* that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977). The Supreme Court further clarified the right of access to the courts in *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) and *Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).

In this case, Butler's denial of access to the court claim, *as to his criminal proceedings*, is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Under *Heck*, "a state prisoner's claim for damages is not cognizable under 42 U.S.C.

§ 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoting *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372). Here, a favorable judgment against Bramlet would imply the invalidity of Butler's Illinois state court murder conviction along with his federal bank fraud conviction. As previously noted, Butler's convictions and sentences have not been invalidated. Therefore, any denial of access to the court claim *seeking monetary damages* arising out his criminal cases must fail.

It should be noted that a prisoner may file suit pursuant to 42 U.S.C. § 1983 on a denial of access to the court claim for ongoing criminal matters, if the prisoner is seeking *prospective injunctive*. See *Burd v. Sessler*, 702 F.3d 429, 433 (7th Cir. 2012); *Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999) ("only prospective relief is available in a prisoner's suit complaining of denial of access to the courts unless he has succeeded in getting his conviction annulled, since otherwise an effort to obtain damages would be blocked by *Heck*"). But, this is a nonissue because Butler has been transferred out Menard and he is not seeking injunctive relief in this case.

The third legal matter (that the plaintiff asserts Bramlet obstructed) is the § 1983 excessive force claim against Officer Bryan Carter of the Marion County Jail. There are a few problems with this argument. First, Butler never stated in his complaint that his denial of access to the Court claim arises, in part, out of the Officer Carter claim dismissal from *Butler v. Harrington et al.*, Case No. 13-cv-1270-SMY-PMF. The Supreme Court held in *Christopher v. Harbury* that "[l]ike any other element of an access [to the court] claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give

7

fair notice to a defendant." 536 U.S. 403, 416, 122 S. Ct. 2179, 2187, 153 L. Ed. 2d 413 (2002). In other words, if a plaintiff files a denial of access to the court claim, the plaintiff's complaint must articulate the cause of action that was obstructed, or is currently being thwarted. In an ouroboros-like procedural wrinkle, the underlying cause of action (as to the Officer Carter issue) here is the original action, *Butler v. Harrington et al*, that the instant case was severed from. Of course, the claim against Officer Carter was dismissed as time barred *after* the access to the court claim was severed into this new case. To have properly pursued an access to the court claim in regards to the Officer Carter litigation, Butler should have filed an amended complaint addressing the Officer Carter dismissal. Butler did not. Although *pro se* pleadings are to be liberally construed, pursuant to *Harbury*, the Officer Carter issue was not properly pleaded in the instant case.

Another defect with Butler's Officer Carter access to the court argument is that Butler has not presented any evidence that he attempted to file suit within the statute of limitations period. In Illinois, lawsuits filed pursuant to § 1983 are subject to a 2 year statute of limitations period. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Additionally, § 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (quoting *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992)). When a prisoner files a § 1983 action concerning the conditions of their confinement, the statute of limitations period is tolled while the prisoner exhausts administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). However not all jail facilities implement a detainee grievance procedure, and there is nothing in the record to suggest that the Marion County Jail does so. Thus, the deadline to file suit against defendant

Carter was shorter than the IDOC defendants, because the statute of limitations period was tolled while the plaintiff exhausted IDOC administrative remedies.

Butler states that Carter assaulted him sometime in December 2010 or January 2011 but Butler's second amended complaint (which includes the claim against Carter) was filed on March 20, 2014. Butler's claim against Carter was therefore filed over a year late. Butler provided evidence that he was attempting to litigate his criminal matters during the statute of limitations period, but he has not provided any evidence that he sought to file an excessive force claim against Carter during that period.

An additional facet to this lawsuit is Butler's statements asserting that his litigation abilities were severely restricted while the prison was on lockdown. Pursuant to *Lewis v. Casey*, a delay in receiving legal materials or legal assistance is not actionable if the delay is the "product of prison regulations reasonably related to legitimate penological interests[.]"518 U.S. 343, 362, 116 S. Ct. 2174, 2185, 135 L. Ed. 2d 606 (1996). In circumstances similar to the instant case, the plaintiffs in *Lewis* had protested the fact that there were delays in accessing the law library when the prison was on lockdown. *Id.* But the Supreme Court held that such delays were not of a constitutional significance, particularly due to the fact that the institution in question housed "the most dangerous and violent prisoners in the Arizona prison system." *Id.* Menard also houses inmates that present "special disciplinary and security concerns," and Butler has not presented any evidence that the lockdowns were not reasonably related to legitimate penological interests.

For these reasons, plaintiff's motion for summary judgment should be denied. And, because no reasonable jury could find in favor of the plaintiff, the defendant's motion for summary judgment should be granted.

### III. RECOMMENDATIONS

It is RECOMMENDED that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied. Plaintiff's access to the court claim concerning his criminal cases is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Additionally, plaintiff's access to the court claim concerning his excessive force claim was not properly presented in his complaint, and even if it had been, no reasonable jury could find in plaintiff's favor.

SO RECOMMENDED.

DATED: <u>May 2, 2016</u>.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE
