IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK BUTLER, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 14-cv-0537-MJR-PMF |
| | ) |
| BRAD BRAMLET, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kendrick Butler is currently incarcerated at the Stateville Correctional Center in Crest Hill, Illinois, but was previously incarcerated at the Menard Correctional Center in Chester, Illinois. On May 9, 2014, a small piece of Butler's amended complaint in another proceeding was severed off into this case. That portion of Butler's complaint said that Brad Bramlet, a law clerk at Menard, failed to provide adequate assistance to Butler so that he could appeal a criminal conviction in Iowa federal court, and that an unspecified clerk (presumably Bramlet) "refused to file [a] civil suit so that plaintiff can continue further action." The Court screened those allegations pursuant to 28 U.S.C. § 1915A and allowed the Iowa access to courts claim to proceed, but dismissed the civil access claim, noting that it was vague and, as pled, didn't state a claim. Bramlet has since moved for summary judgment, arguing that the Iowa access claim and another Illinois post-conviction access claim that cropped up during discovery are both barred under *Heck v. Humphrey*, **512 U.S. 477 (1994)**, and

1

that any civil access claim isn't before the Court because it was dismissed at screening and was never raised again in an amended complaint. The magistrate judge has filed a report and recommendation advising that the motion be granted and the case be dismissed, and the propriety of that report is now before the Court for review.

The Court has reviewed the magistrate judge's recommendation and is of the view that he was right to recommend dismissal. The magistrate first recommends that the criminal access to courts claims be set aside under *Heck*, so the Court will start there. *Heck* and its progeny hold that a plaintiff can't pursue a federal civil rights damages claim under 42 U.S.C. § 1983 if a judgment in the plaintiff's favor on that claim would "necessarily imply" the invalidity of an inmate's conviction or sentence, at least until "the inmate obtains favorable termination of a state or federal habeas challenge" to that conviction or sentence. *Heck*, **512 U.S. at 487**; *see also Nelson v. Campbell*, **541 U.S. 637, 646-47 (2004)**. The reason for the rule is simple—habeas corpus is the exclusive remedy for a challenge to the fact or duration of one's confinement, so an inmate must first successfully employ that remedy before trying for relief in a § 1983 civil action that would call his conviction "into doubt." *Burd v. Sessler*, **702 F.3d 429, 432 (7th Cir. 2012)**.

*Heck* only bars suits that "necessarily imply" that a criminal conviction is bunk, meaning that *Heck* doesn't automatically foreclose a civil suit touching on a criminal conviction. The allegations made and the injury asserted, rather than the explicit relief sought, guide whether *Heck* has any impact. *E.g., Okoro v. Callaghan*, **324 F.3d 488, 490 (7th Cir. 2003)**; *Ryan v. DuPage County Jury Com'n*, **105 F.3d 329, 331 (7th Cir. 1996)**; *Miller v. Indiana Dep't of Corrections*, **75 F.3d 330, 331 (7th Cir. 1996)**. When a

factual ruling in the plaintiff's favor on the pled civil claim would necessarily undermine his criminal conviction, *Heck* stops a damages suit cold until the conviction is dealt with in an appeal or habeas proceeding, but if a factual ruling in the plaintiff's favor on the civil claim would leave the girders of the conviction untouched, *Heck* doesn't apply. *VanGilder v. Baker*, **435 F.3d 689, 691 (7th Cir. 2006).** That's why certain types of § 1983 claims, like those premised on illegal searches, often escape *Heck's* clutches, for a ruling in the plaintiff's favor frequently has no impact on the conviction. *Rollins v. Willett*, **770 F.3d 575, 577 (7th Cir. 2014).** That's also why criminal access to courts claims routinely fall under *Heck*. One of the "substantive requirements" for an access to courts claim is an actual injury, *Burd*, **702 F.3d at 434-35**, and in the criminal access context the only injury of "consequence" is that a prisoner was blocked from invalidating his conviction, *Hoard v. Reddy*, **175 F.3d 531, 533 (7th Cir. 1999).** If that injury is proven true in an access to courts proceeding, the underlying criminal conviction would fall with it, thereby triggering the *Heck* bar.

To make out his access claim here, Butler says Bramlet injured him in a way that stopped him from attacking his convictions—he asserts, in his summary judgment briefing, that he was attempting to file a post-conviction petition to demonstrate his actual innocence and lay out his alibi witnesses for his Illinois conviction; that he was attempting to further challenge perjury issues linked to his Iowa conviction; that Bramlet didn't help him enough on either case; and that both conviction attacks were "lost" because of Bramlet's failures. Butler is the "master of his ground," *Okoro*, **324**

**F.3d at 490**, and if the conviction-related allegations that he has chosen to advance are proven true, both of his convictions would be invalidated. So *Heck* blocks the suit.

In his objections to the magistrate's report, Butler insists that *Heck* isn't triggered for his Illinois post-conviction access claim because he now forswears any effort to recover damages for wrongful imprisonment, and wishes to limit his relief to the filing costs that the Illinois post-conviction court assessed against him. Those costs, according to Butler, were only assessed because his habeas petition was frivolous, and to win them back in this civil suit the Court would only have to find that his petition would have been non-frivolous with adequate help from Bramlet. It's debatable whether that kind of allegation satisfies the actual injury requirement for criminal access to courts claims—the Seventh Circuit has said that a litigant isn't "injured" in the criminal access to courts context unless he was blocked from invalidating his conviction. *E.g.*, *Burd*, **702 F.3d at 432;** *Hoard*, **175 F.3d at 533.** It's even more debatable whether that kind of argument is barred by *Heck*. For Butler to obtain judgment in his favor on that kind of pared-down claim, the Court would have to parse the possible arguments Butler could have made to invalidate his Illinois murder sentence and deem one of them possibly meritorious, and that's the kind of ruling that would cut into the province of post-conviction relief and "call [his] [criminal] conviction into doubt." *Burd*, **702 F.3d at 432.** The Court need not resolve either of these points, though, as Butler never made an effort to limit his damages or make this argument in his original summary judgment response. Arguments raised for the first time in an objection to a magistrate's report are

4

waived if the objector could have made the argument earlier, and Butler easily could have here. *See Murr v. United States*, **200 F.3d 895, 902 n.1 (6th Cir. 2000).**

*Heck* only precludes damages suits, though, and Butler maintains that he's also seeking injunctive relief concerning the law library services at Menard. The rub is that any injunctive relief is moot, as Butler is no longer incarcerated at Menard. There is, of course, an exception to mootness if the prisoner is likely to be retransferred back to his original prison, but the chance of retransfer cannot be small and it cannot be based on mere conjecture. *Morris v. Kingston*, **368 F. App'x 686, 689 (7th Cir. 2010)**; *Moore v. Thieret*, **862 F.2d 148, 150 (7th Cir. 1988).** Butler says that he may return to Menard someday because he is serving a long, maximum security sentence, but the mere fact that a prisoner is serving a long sentence doesn't demonstrate anything other than speculation that he'll return to his original institution—in most states there is more than one maximum security facility, and by Butler's own admission there are two other institutions in Illinois where he can be housed. *See, e.g., Shepherd v. Goord*, **662 F.3d 603, 609-10 (2d Cir. 2011) (injunctive relief moot where prisoner was transferred out of original facility despite the fact that the prisoner was serving a maximum security life sentence);** *Morris*, **368 F. App'x at 689 (rejecting plaintiff's attempt to skirt mootness because he was serving a "life sentence").** Butler also suggests that he may return to Menard because he was transferred out of that facility and to Pontiac to complete a term of segregation, but again, that point alone doesn't suggest that he'll return to Menard after he's finished at Pontiac, *Higgason v. Farley*, **83 F.3d 807, 811 (7th Cir. 1996)**, and in this case he didn't—Butler was recently transferred from Pontiac to

Stateville Correctional Center, and not back to Menard. All in all, Butler hasn't seen the inside of Menard since at least 2013, and he's offered nothing but supposition to suggest that he'll return there. Any injunctive requests are no longer viable.

There's one final claim that has come up in the course of the parties' summary judgment briefing, namely Butler's claim that Bramlet also limited his access to courts in the civil arena by failing to file a § 1983 complaint about an officer's excessive force in a timely fashion. As the magistrate judge recognized, the problem with this claim is that it wasn't included in Butler's current complaint or any of his past ones, at least in any developed sense. His initial complaint, which mentioned court access among a number of other disparate claims, didn't name Bramlet and only hinted that an unnamed law clerk had denied him court access. That claim was dismissed on notice grounds, and Butler was told that he needed to spell out, in some minimal detail, the denial of access and how that denial stopped Butler from pursuing a claim. His first amended complaint, which included even more disparate claims and defendants than his first go around, only referenced the Iowa criminal case as it concerned any access to courts, and that entire complaint was struck because it didn't conform to the directives stated in the Court's first screening order. His most recent complaint—and the operative one in this severed proceeding—was also a bit blunderbuss, naming a number of defendants and bringing a number of claims. In the access to courts area, though, it only provided developed allegations as to criminal access to courts problems, making no mention of any particular civil proceeding that was blocked by Bramlet's actions. The complaint did say that an unspecified law clerk "refused to file civil suit so

that plaintiff can continue further action," but that claim was dismissed from the case at screening because Butler didn't lay out what civil suit was stopped or how the law clerk's delay stopped him from pursuing a case. Butler never filed an amended complaint to press that civil access claim and he makes no argument whatsoever that the civil access claim was submitted by consent, so the claim isn't before the Court. *E.g., Almond v. Pollard*, 443 F. App'x 198, 202 (7th Cir. 2011); *Messner v. Calderone*, 407 F. App'x 972, 974 (7th Cir. 2011); *Hancock v. Potter*, 531 F.3d 474, 480 (7th Cir. 2008).

One closing note is in order concerning a motion Butler recently filed with the Court. On June 17, 2016, Butler submitted a motion for status and update, flagging that he was just transferred from Pontiac to Stateville last month and asking the Court to update his address and provide him with materials docketed since his transfer. The Clerk has already updated Butler's current prison address, so that part of his request is moot. As for copies, Butler should know that the Court isn't obligated to provide copies of civil case materials free of charge to indigent litigants, even when the litigant qualifies as a pauper. *E.g., In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990); *Barber v. Justus*, No. 11-626-GPM, 2012 WL 3600225, at *2 (S.D. Ill. Aug. 20, 2012). That said, in light of Butler's recent prison relocation, the Court will exercise its discretion and provide Butler with copies of the materials docketed since May 19, 2016.

To sum up, the magistrate judge rightly determined that Butler's two criminal access claims are *Heck* barred, that any injunctive relief on those claims is moot, and that any civil access claim wasn't presented in Butler's complaint and therefore isn't before the Court. The Court **ADOPTS** the magistrate judge's report and

recommendation (Doc. 59), **OVERRULES** Butler's objections to it (Doc. 60), **GRANTS** Bramlet's motion for summary judgment (Doc. 46), and **DENIES** Butler's countervailing motion for summary judgment (Doc. 49). Butler's criminal access claims are **DISMISSED without prejudice** pursuant to *Heck*. No judgment will issue as to Butler's civil access claim, because that claim is not before the Court. The Court also **GRANTS** Butler's motion for status (Doc. 63), and **DIRECTS** the **CLERK** to send Butler copies of all docket items entered since May 19, 2016. Because this order resolves all of Butler's claims currently before the Court in this case, the **CLERK** is **DIRECTED** to enter judgment consistent with this order and then close this proceeding.

    IT IS SO ORDERED.

    DATED:  June 27, 2016

                                /s/ **Michael J. Reagan**
                                **Chief Judge Michael J. Reagan**
                                **United States District Court**